```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
DARRYL BOARD,
                                        MEMORANDUM AND ORDER
                Petitioner,              10-CV-1557(DRH)

        -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------X
A P P E A R A N C E S:

For Petitioner:
    Darryl Board, Pro Se
    Inmate No. 38544-053
    P.O. Box 2000
    Whitedeer, Pennsylvania  17887

For Respondent:
    Loretta E. Lynch
    United States Attorney
    Eastern District of New York
    271 Cadman Plaza
    Brooklyn, New York  11201
      By:  Celia A. Cohen, A.U.S.A.
```

HURLEY, Senior District Judge

Darryl Board ("petitioner" or "Board"), by application filed on April 5, 2010, seeks an order "correct[ing] the errors of Law for the Anchor Savings Bank robbery, Counts 28, 29 and 30, . . . [and] further request[s] . . . that [I] correct the errors for the 18 U.S.C. § 924(c)(1) enhancements for Counts 3, 21, and 29." (Apr. 5, 2010 Pet. at 2.)

Petitioner explains that he is proceeding by way of an application for a writ of error coram nobis "because the error complained of, which are the § 924(c)(1) punishment in the [Brevoort Post Office] and Bowery Savings Bank offenses are

already served." (Pet'r's Dec. 3, 2010 Supplemental Reply to Gov't's Mem. in Opp'n at 1.)  An earlier application by Board, in that instance brought pursuant to 18 U.S.C. § 3582(c)(2), sought similar, if not the same relief pertaining to his § 924(c) convictions and concomitant sentence.  That application was denied by Memorandum and Order dated December 22, 2010.  Rather than reiterate the events preceding his current application, the background information set forth in the December 22, 2010 decision is hereby incorporated by reference.  See <u>United States v. Board</u>, 92-CR-1219.

To the extent petitioner is seeking a writ of error coram nobis, that form of relief is foreclosed given that, notwithstanding his assertion to the contrary, he is still incarcerated pursuant to the challenged convictions and sentence. <u>Hendrickson v. United States</u>, 1999 WL 1075977 at *3 (S.D.N.Y. Nov. 30, 1999).  To the extent he is seeking, once again[1], to have his sentence modified based on purported errors by the Court with respect to his three § 924(c) convictions, his application is apparently premised on 28 U.S.C. § 2255 which, as a successive petition under that Section, may not be entertained here in the first instance.  See 28 U.S.C. § 2244(b)(3) and <u>Liriano v. United</u>

---

[1] <u>See generally</u> Gov't's Sept. 30, 2010 Mem. in Opp'n at 2, 3 for a detailed recitation of petitioner's multiple post-conviction efforts to eradicate or modify his 1993 convictions and resulting 1994 sentence.

States. 95 F.3d 119, 123 (2d Cir. 1996).

In sum, a writ sounding in error coram nobis is not available to petitioner given his present custodial status. In essence, although his application is not a model of clarity, it appears he is seeking a writ of habeas corpus under 28 U.S.C. § 2255. As an apparent successive § 2255 petition, the Clerk of Court is directed to transfer the application to the Second Circuit pursuant to the Liriano decision.

SO ORDERED.

Dated: January 4, 2011
       Central Islip, New York

                                    _____/s/_____
                                    DENIS R. HURLEY, U.D.S.J.